UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELBERT LEWIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 3:10 CV 212 |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Delbert Lewis, a *pro se* prisoner, is serving an 81-year sentence for rape, aggravated battery, and other offenses committed in St. Joseph County. *State v. Lewis*, 71D04-007-CF-0299. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE # 1.) The respondent argues that the petition should be denied because Lewis's claims were correctly adjudicated by the state court. (DE # 10.)

### I. FACTS

In deciding the petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Lewis's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals summarized the facts underlying Lewis's offenses as follows:

> On July 10, 2000, A.P. heard Lewis, a former boyfriend, calling to her from the sidewalk outside her home. A.P. went to her front door and opened it to Lewis, who claimed to need to retrieve the title to his car. As Lewis entered the home, A.P. stepped outside. Apparently angered, Lewis grabbed A.P. and dragged her inside the home. Lewis then beat A.P. by punching, throwing, and hitting her with various items. A.P. escaped and ran upstairs. Lewis followed her and dragged her into the hallway. In the hallway, he wrapped the electric cord from a curling iron around her neck and choked

her. As she lay on the floor, he placed his foot on her neck and alternated applying and releasing pressure, asking A.P. if she wanted to die. Eventually, Lewis threw A.P. into her bedroom, into a wall, and onto her bed, where after enduring further beating, she lost consciousness. When she awoke, she discovered that Lewis had put icepacks on her head wounds and was apologizing for beating her. He then climbed on top of her and had sexual intercourse with her while she lay crying. A.P. told Lewis that she had to get ready for work and crawled to the shower. Lewis left, and shortly thereafter, A.P.'s parents discovered her in the shower, called police, and took A.P. to the hospital.

*Lewis v. State*, No. 71A03-0203-CR-80 (Ind. Ct. App. June 25, 2002), slip op. at 2-3.

Lewis was later charged with rape as a Class A felony, aggravated battery, possession of marijuana, stalking, and attempted obstruction of justice. *Id.* at 2. A jury found him guilty as charged. *Id.* at 3. The court sentenced him to an aggregate term of 81 years in prison. (DE # 9-1 at 9.) Lewis appealed, arguing that there was insufficient evidence to support the rape and aggravated battery convictions, and that the trial court committed fundamental error in failing to furnish the jury with a verdict form for rape as a Class B felony. *Lewis*, No. 71A03-0203-CR-80, slip op. at 2. The appellate court affirmed. *Id.* at 11. Lewis did not file a petition to transfer in the Indiana Supreme Court. (*See* DE # 1 at 1; DE # 9-2 at 3.)

In January 2003, Lewis filed a petition for post-conviction relief claiming ineffective assistance of counsel on various grounds. (DE # 9-1 at 2; DE # 9-6 at 29.) After lengthy proceedings which included an appearance by the public defender's office, various amendments to the petition, and an evidentiary hearing, the trial court denied the petition. (DE # 9-1 at 3.) Lewis appealed, raising the following claims: (1) his

2

counsel[*] was ineffective in failing to argue at trial and on appeal that his rape and aggravated battery convictions subjected him to double jeopardy in violation of the Indiana Constitution; and (2) his counsel was ineffective in failing to argue at trial and on appeal that the evidence was insufficient to support the rape conviction. *Lewis v. State*, No. 71A04-0908-PC-440 (Ind. Ct. App. Feb. 11, 2010), slip op. at 4. The appellate court affirmed the denial of post-conviction relief. *Id.* at 5-15. Lewis filed a petition to transfer in the Indiana Supreme Court, which was denied. (DE # 9-5 at 5.)

Lewis then filed this federal petition raising the following claims: (1) his counsel was ineffective in failing to argue that his rape and aggravated battery convictions violated double jeopardy principles under the Indiana Constitution; and (2) his counsel was ineffective in failing to argue that the evidence was insufficient to support the rape conviction under Indiana law. (DE # 1; DE # 15-1.)

## II. ANALYSIS

Lewis's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

---

[*] Lewis was represented by the same attorney at trial and on direct appeal. *Lewis*, No. 71A04-0908-PC-440, slip op. at 2.

3

28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under this deferential standard, a federal habeas court must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). A state court decision is "contrary to" federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court or reaches an opposite result in a case involving facts materially indistinguishable from relevant Supreme Court precedent. *Bell v. Cone*, 535 U.S. 685, 694 (2002). A federal court may grant habeas relief under the "unreasonable application" clause if the state court identifies the correct legal principle from Supreme Court precedent but unreasonably applies that principle to the facts of the petitioner's case. *Wiggins v. Smith,* 539 U.S. 510, 520 (2003). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively unreasonable." *Id.* Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree

4

on the correctness of the state court's decision." —U.S.—, *Harrington v. Richter*, 131 S. Ct. 770, 786 (U.S. Jan. 19, 2011).

To prevail on a claim of ineffective assistance, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). On the deficiency prong, the central question is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices . . . ." *Harrington*, 131 S. Ct. at 788. The court presumes that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Strickland*, 466 U.S. at 690, and will "evaluate [counsel's] performance as a whole rather than focus on a single failing or oversight." *Ebert v. Gaetz*, 610 F.3d 404, 411 (7th Cir. 2010). The court's review of counsel's performance is deferential, and there is an added layer of deference when the claim is raised in a habeas proceeding. *Id.* at 412.

On the prejudice prong, the petitioner must demonstrate a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome," and it is not enough to show that the errors had "some conceivable effect on the outcome of the proceeding." *Id.* at 693. Where it is expedient to do so, the court may resolve an ineffective assistance claim solely on the prejudice prong, because if the petitioner cannot establish prejudice, there is no need to "grade" counsel's performance. *Id.* at 697.

5

A claim of ineffective assistance of appellate counsel is also subject to the *Strickland* analysis. *Howard v. Gramley*, 225 F.3d 784, 789-90 (7th Cir. 2000). On the deficiency prong, the petitioner must show that counsel failed to present a "significant and obvious" issue on appeal. *Id.* at 790. However, counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). On the prejudice prong, the petitioner must demonstrate that if the argument had been raised, there is "a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal." *Howard*, 225 F.3d at 790. Where the underlying argument has no merit, an ineffective assistance claim cannot succeed. "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

Lewis first claims that counsel was deficient in failing to raise a double jeopardy claim under the Indiana Constitution. (DE # 1 at 3; DE # 15-1 at 8-11.) Under Indiana law, two convictions will violate double jeopardy principles if they are based on the same "actual evidence." *Richardson v. State*, 717 N.E.2d 32, 49-50 (Ind. 1999). Lewis argues that counsel was deficient in failing to argue that his convictions for rape and aggravated battery were based on the same evidence under the test set forth by the Indiana Supreme Court in *Richardson*. (DE # 15-1 at 8-11; *see also* DE # 9-6 at 13-20.) The state appellate court rejected this argument, concluding that Lewis's convictions were

6

not based on the same evidence and thus did not violate the Double Jeopardy Clause of the Indiana Constitution. *Lewis*, No. 71A04-0908-PC-440, slip op. at 6-12. The state court further concluded that Lewis could not establish ineffective assistance under *Strickland* because a double jeopardy challenge would not have been successful even if counsel had raised it. *Id.* at 12.

In resolving Lewis's ineffective assistance claim in this proceeding, the court is bound by the state court's determination that there was no merit to Lewis's state law double jeopardy claim. *See Earls v. McCaughtry*, 379 F.3d 489, 495 (7th Cir. 2004) (federal habeas court was bound by state court's determination that evidence at issue was admissible under state law); *Hough v. Anderson*, 272 F.3d 878, 899 (7th Cir. 2001) (federal habeas court will not "second guess" state court on matters of state law). Because a double jeopardy challenge would not have been successful, Lewis cannot show that counsel was deficient in failing to raise this argument or that he suffered any prejudice. *Hough*, 272 F.3d at 898-99 (where an argument would have been unavailing under state law, as determined by state court, counsel could not be considered ineffective for failing to raise it); *Stone*, 86 F.3d at 717 (counsel on direct appeal was not deficient in failing to raise an argument that state supreme court considered and rejected on post-conviction review). The state court's resolution of this claim was not unreasonable and, accordingly, the claim is denied.

In his other claim, Lewis argues that his counsel was deficient in failing to argue that the evidence was insufficient to support his conviction for rape as a Class A felony.

(DE # 1 at 3; DE # 15-1 at 11-13.) This claim also hinges on an interpretation of state law. Under Indiana law, rape is defined as knowingly and intentionally engaging in sexual intercourse with a person who is compelled to submit by force or imminent threat of force. IND. CODE § 35-42-4-1(a)(1). Rape constitutes a Class A felony when the offense "results in serious bodily injury to a person other than a defendant." IND. CODE § 35-42-4-1(b)(3). Lewis argues that he could not have been found guilty of rape as a Class A felony because there was no evidence that the victim suffered serious bodily injury from the act of sexual intercourse itself. (DE # 15-1 at 11-13.) The state appellate court rejected this argument, concluding that under Indiana law it is sufficient that the victim suffered injury from the offense of rape, which includes the force used to get the victim to submit, and not just from the act of sexual intercourse. *Lewis*, No. 71A04-0908-PC-440, slip op. at 13-14. Based on the court's determination that a sufficiency of the evidence argument would not have been successful, the court rejected Lewis's ineffective assistance claim. *Id.* at 14.

Once again, this court is bound by the state court's determination on this state law issue. *Hough*, 272 F.3d at 899. Because Lewis has not shown that an argument regarding the sufficiency of the evidence would have been successful under Indiana law, he has not established that counsel was deficient or that he suffered any prejudice as a result of counsel's failure to raise this argument. *Id.; Stone*, 86 F.3d at 717. The state court's rejection of this claim was not unreasonable and, accordingly, the claim is denied.

8

As a final matter, the court must consider whether to grant Lewis a certificate of appealability. 28 U.S.C. § 2253(c); RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons fully set forth above, there is no basis to conclude that jurists of reason could debate the resolution of Lewis's claims. Accordingly, the court declines to grant Lewis a certificate of appealability.

For these reasons, the court **DENIES** the petition (DE # 1) and **DECLINES** to issue a certificate of appealability.

**SO ORDERED**.

Date: February 15, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT